UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TED WILLIAMS | * | CIVIL ACTION NO.: |
| Plaintiff | * | |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| OLD REPUBLIC INSURANCE | * | |
| COMPANY, MARIO BRIGGS and THE | * | MAG. |
| YERBA MATE CO., LLC | * * * * * * * * * * * * * |
| Defendants | | |
| * * * * * * * * * * * * | | |

### NOTICE OF REMOVAL

TO: Clerk of Court
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C-151
New Orleans, Louisiana 70130

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. § 1441, Defendants, Old Republic Insurance Company, Mario Briggs, The Yerba Mate Co., LLC (collectively "Defendants"), by and through undersigned counsel, hereby give notice and remove this action from the Civil District Court for Orleans Parish, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. In support of this Notice of Removal, Starr avers as follows:

#### I. BACKGROUND

1. On June 27, 2022, Plaintiff, Ted Williams, commenced this action through the filing of a Petition for Damages in the Civil District Court for Orleans Parish, State of Louisiana, styled *Ted Williams v. Old Republic Insurance Company, Mario Briggs, and The Yerba*

1

*Mate Co., LLC,* bearing Docket No. 22-05659, Division C.[1]

2. Plaintiff, Ted Williams alleges he is a resident and domiciled in the Parish of St. Tammany, Louisiana.[2]

3. Defendant, Old Republic Insurance Company is a foreign insurance company.[3]

4. Defendant, Mario Briggs, is a resident and domiciled in the County of Shelby, Tennessee.[4]

5. Defendant, The Yerba Mate co., LLC is a foreign limited liability company.[5]

6. Plaintiff's Original Petition for Damages was filed on June 27, 2022.

7. Defendant, The Yerba Mate was served with a copy of the Petition for Damages on July 11, 2022.[6]

8. Plaintiff alleges that a motor vehicle accident occurred on July 29, 2021 between himself, Ted Williams and Mario Briggs.[7]

9. This removal is effected and has been timely filed within thirty (30) days of The Yerba Mate receiving a copy of the initial pleading setting forth the claim for relief upon which this action is based and within one (1) year after commencement of the action, as allowed by 28 U.S.C. § 1446(b).

10. Undersigned counsel is representing all remaining defendants, Mario Briggs and Old Republic Insurance Company, who consent to removal of this lawsuit.

---

[1] *See* Exhibit A, Copy of the Record from the Civil District Court, Parish of Orleans, including copies of All Process, Pleadings, and Orders contained in the record of the Clerk of the Court.
[2] *See* Exhibit A, specifically Plaintiff's Original Petition for Damages, at opening paragraph.
[3] *See* Exhibit A, specifically Plaintiff's Original Petition for Damages, at para I.
[4] *See* Exhibit A, specifically Plaintiff's Original Petition for Damages, at para I.
[5] *See* Exhibit A, specifically Plaintiff's Original Petition for Damages, at para I.
[6] *See* Exhibit A, Copy of the Record from the Civil District Court, Parish of Orleans, including copies of All Process, Pleadings, and Orders contained in the record of the Clerk of the Court. *And* Exhibit B
[7] *See* Exhibit A, specifically Plaintiff's Original Petition for Damages, at paragraphs II –VI.

11. The United States District Court for the Eastern District of Louisiana is the Court embracing the place where this action is pending in state court.[8]

12. This Court has jurisdiction over this matter and it is properly removed to this Court pursuant to 28 U.S.C. § 1332; 28 U.S.C. §1441; and 28 U.S.C. §1446.

13. Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit "A," are all process, pleadings, and Orders contained in the record of the Clerk of the Court, Civil District Court, Orleans Parish.

## II. DIVERSITY OF CITIZENSHIP JURISDICTION

14. This action is properly removed to this Court pursuant to 28 U.S.C. §1332 and §1441, in that all properly joined and served parties are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. Complete Diversity of Citizenship

15. In the case at bar, the Petition states that Plaintiff is a resident of St. Tammany Parish, Louisiana.[9] Thus, for diversity jurisdiction, Plaintiff is domiciled in Louisiana.

16. In the case at bar, the Petition states that Defendant, Mario Briggs is a resident of Tennessee.[10] Thus, for diversity jurisdiction, Mario Briggs is domiciled in Tennessee.

17. The Yerba Mate Co., LLC is a foreign limited liability company, as alleged in Plaintiff's Petition for Damages.[11] For purposes of federal diversity jurisdiction, the citizenship of a limited liability company (LLC) is determined by the citizenship of all of its members.[12]

---

[8] *See* 28 U.S.C. § 98(a).
[9] *See* Exhibit "A", specifically Plaintiff's Original Petition for Damages, at opening paragraph.
[10] *See* Exhibit "A", specifically Plaintiff's Original Petition for Damages, at opening paragraph.
[11] *See* Exhibit "A", specifically Plaintiff's Original Petition for Damages, at paragraph I.
[12] *See Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008)

3

      The Yerba Mate Co., LLC's members comprise of Chris Mann, Jason Knox, Greg Lechwar, and Todd Rich, all residents of the State of Florida. Therefore, The Yerba Mate Co., LLC is a citizen of the State of Florida for purposes of diversity jurisdiction.

18. Old Republic Insurance Company is a foreign corporation as alleged by Plaintiff in his Petition.[13] Old Republic Insurance Company is an insurance corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Chicago, IL. The citizenship of a corporation for diversity purposes is determined by looking to both "the state in which it was incorporated and the state in which it has its principal place of business."[14] At all times relevant, Old Republic was and is incorporated in Pennsylvania with its principal place of business in Chicago, IL. Therefore, Old Republic is a citizen of the State of Pennsylvania or Illinois for purposes of diversity jurisdiction.

19. The complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied in this case because Plaintiff, Ted Williams, and Defendants, Mario Briggs, The Yerba Mate Co., and Old Republic Insurance Company are citizens of different states.

### III. AMOUNT IN CONTROVERSY

20. Plaintiff's Petition for Damages alleges that, as a result of the negligence of Defendants, Plaintiff is entitled to damages for physical pain and suffering, past and future mental pain and suffering, disability, future medical expenses, loss of enjoyment of life, loss of future

---

[13] *See* Exhibit "A", specifically Plaintiff's Original Petition for Damages, at paragraph I.
[14] *See Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) (citing *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988)).

earning capacity, rental expenses, property damages and loss of use.[15]

21. As Louisiana does not prohibit Plaintiffs from alleging general damages rather than a specific amount, and in light of Defense Counsel's conference with Plaintiff's Counsel in which he confirmed Plaintiff's alleged damages exceed $75,000, the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### IV. TIMELINESS OF REMOVAL AND FORUM-DEFENDANT RULE

22. The Yerba Mate Co., LLC has demonstrated that this Court has original jurisdiction over this case under 28 U.S.C. § 1332(a) because it is a civil action between parties of diverse citizenship wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. Now, The Yerba Mate Co., LLC further shows that this Removal is timely made under 28 U.S.C. § 1446(b)(1) and does not violate the forum-defendant rule set forth in 28 U.S.C. § 1441(b)(2).

**A. This Removal is Timely Under 28 U.S.C. § 1446(b)(1)**

23. The timeliness of a notice of removal is governed by 28 U.S.C. § 1446(b). When a case is removable based solely on the allegations set forth in the plaintiff's initial pleading that statute requires the notice of removal be filed within thirty (30) days following service on the removing defendant.[16]

24. The Yerba Mate Co., LLC was served via the CT Corporation Systems on July 11, 2022.[17]

---

[15] *See* Exhibit "A", specifically Plaintiff's Original Petition for Damages, at paragraph II.
[16] 28 U.S.C. 1446(b)(1); *see also Crockett v. R.J. Reynolds Tobacco Co*., 436 F.3d 529, 532 (5th Cir. 2006).
[17] *See* Exhibit "A".

25. Old Republic Insurance Company was service via Louisiana Secretary of State on July 20, 2022.[18]

26. This Notice of Removal was filed less than 30 days after The Yerba Mate Co., LLC received service of Plaintiff's Petition. Accordingly, is timely under 28 U.S.C. § 1441(b)(1).

### B.     This Removal Does Not Violate Rule 28 U.S.C. § 1441(b)(2)

27. The forum-defendant rule is set forth in 28 U.S.C. § 1441(b)(2) and states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

28. Here, neither Mario Briggs, The Yerba Mate Co., LLC or Old Republic Insurance Company is a Louisiana citizen, and therefore, this Removal does not violate the forum-defendant rule.

### V.     CONSENT TO REMOVAL

29. When a civil action is removed and there are multiple defendants to the state action, all properly joined defendants must join the removal petition.[19]

30. Undersigned counsel will be representing Mario Briggs and Old Republic Insurance Company, and they consent to the removal of this case.

---

[18] [18] See Exhibit "B" Secretary of State's Website on Old Republic Insurance Company.
[19] *See* 28 U.S.C. § 1446.

### VI.  JURY DEMAND

31. The Yerba Mate Co., LLC hereby prays for a trial by jury on all issues raised in Plaintiff's Petition for Damages.

### VII.  CONCLUSION

32. This civil action is one in which this court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states, wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

33. Pursuant to 28 U.S.C. § 1446(d), Plaintiff's counsel are being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of Court for the Civil District for the Parish of Orleans.

34. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that to the best of her knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

35. By filing this Notice of Removal, Defendant, The Yerba Mate Co., LLC, does not waive and hereby reserves all defenses and objections to Plaintiff's Petition for Damages.

**WHEREFORE,** Defendant, The Yerba Mate Co., LLC, respectfully requests that this Court assume full jurisdiction over this matter as provided by law because all properly joined parties are completely diverse and the requisite jurisdictional amount in controversy has been met.

Respectfully submitted,

/s/Emily E. Eagan
ERNEST P. GIEGER, JR. (No. 6154)
Email: egieger@glllaw.com
EMILY E. EAGAN (No. 29166)
Email: eeagan@glllaw.com
MORGAN A. DRUHAN (No. 37102)
Email: mdruhan@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
ATTORNEYS FOR OLD REPUBLIC INSURANCE COMPANYY, MARIO BRIGGS AND THE YERBA MATE COMPANY, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon: via email and/or facsimile and/or by depositing same in the United States mail, postage prepaid and properly addressed this 10th day of August, 2022.

/s/Emily E. Eagan
Emily E. Eagan